## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | Criminal Action No. **3:17-CR-070-L** |
| MARCUS MAXWELL | § | |

### MEMORANDUM OPINION AND ORDER

Before the court are Defendant Marcus Maxwell's ("Defendant" or "Maxwell") Motion to Reconsider Magistrate's Order Granting Revocation of Conditions of Release (Doc. 79), filed January 14, 2019; and the Government's Response to Defendant's Motion for Reconsideration of Revocation of Conditions of Release (Doc. 80), filed January 17, 2019. After considering the motion, the Government's Response, and the record in this case, the court **denies** Defendant's Motion to Reconsider Magistrate's Order Granting Revocation of Conditions of Release (Doc. 79).

### I. Factual and Procedural Background

On October 17, 2018, following a bench trial, the court issued a memorandum opinion and order convicting Maxwell of three felony offenses, including two counts of obstruction of due administration of justice, in violation of 18 U.S.C. § 1503, and one count of making false statements to a federal agency, in violation of 18 U.S.C. § 1001. Since his indictment and until January 4, 2019, Maxwell had been on pretrial release pending sentencing, pursuant to conditions set by the court on February 9, 2017, including the condition that he not violate any federal, state, or local law while on release. Doc. 9.

On December 11, 2018, Maxwell was arrested by City of DeSoto, Texas police officers on charges of assault causing bodily injury/family violence; resisting arrest, search, or transport;

**Memorandum Opinion and Order – Page 1**

and evading arrest/detention. Doc. 73 at 1-2. Upon receiving notice of his arrest, the Government filed a Motion to Revoke Conditions of Release (Doc. 70). The court issued a warrant for Maxwell's arrest, and he was taken into federal custody on January 4, 2019. On January 8, 2019, United States Magistrate Judge Rebecca Rutherford held a hearing to consider the Government's Motion to Revoke Conditions of Release and determined, by written order, that the motion should be granted and Defendant's conditions of release be revoked. Doc. 73.

Maxwell contends that the magistrate judge's decision was based on an inapplicable rebuttable presumption that applies to a defendant on pretrial release who commits a felony. Under 18 U.S.C. § 3148(b), "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." Maxwell maintains that the magistrate judge erroneously classified his state charges as felonies, when they are misdemeanor offenses. In light of the magistrate judge's erroneous application of the rebuttable presumption, Maxwell asks the court to reconsider the revocation. He also contends that he is not a flight risk because, once a warrant was issued for his arrest in this action, he was easily found. He also states that he is not a danger to the community based on the testimony of Jessica Rhodes ("Rhodes"), Maxwell's girlfriend, but he does not reference any specific portions of her testimony for the court to consider. Maxwell notes that, during the two years he has been on pretrial release, he has complied with all conditions, notwithstanding the arrests at issue.

The Government responds that, during the hearing, it was the Government that incorrectly invoked the rebuttable presumption, and it concedes that Defendant was arrested on state misdemeanors charges. Accordingly, the Government asks the court to issue a clarification that the offenses committed were misdemeanors. The Government argues that the court should deny

**Memorandum Opinion and Order – Page 2**

Defendant's motion because the magistrate judge's determination was not based solely on the rebuttable presumption, as the court concluded, by a preponderance of the evidence, that Maxwell was unlikely to abide by any condition or combination of conditions of release, which is a separate basis for revoking pretrial release under 18 U.S.C. § 3148(2)(B). The Government notes that the magistrate judge reasoned that Maxwell could not comply with conditions of release because he "knew the consequences of committing a new offense while on release, but still conducted himself in a manner that put police officers and others in the community at grave risk of harm." Doc. 80 at 3.

## II. Analysis

A district court reviews a pretrial detention order *de novo* and makes an independent determination of the pretrial detention or the proper conditions for release. *United States v. Karriem*, 2006 WL 1489484 at *2 (N.D. Tex. May 18, 2006) (citing *United States v. Fortna*, 769 F.2d 242, 249 (5th Cir. 1985)). Under 18 U.S.C. §3145(b), "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." This review does not mandate a new evidentiary hearing, and the court may rely on the evidence introduced before the magistrate judge. *Karriem*, 2006 WL 1489484 at *2.

Pursuant to 18 U.S.C. § 3148(b), "[t]he judicial officer shall enter an order of revocation [of an order of release] and detention if, after a hearing, the judicial officer

> (1) finds that there is –
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that –

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly."

18 U.S.C. § 3148.

Probable cause under this section "requires only that the facts available to the judicial officer warrant a [person] of reasonable caution in the belief that the defendant has committed a crime while on bail." *Karriem*, 2006 WL 1489484 at *3 (citation and quotation marks omitted).

After reviewing the record and applicable authority, the court determines that the magistrate judge properly revoked Maxwell's order of pretrial release pursuant to 18 U.S.C. § 3148. The court acknowledges that the magistrate judge incorrectly characterized Maxwell's state charges as felonies[*] and determined that the rebuttable presumption applied. The record, nonetheless, supports the revocation of his pretrial release, without invoking the presumption. First, probable cause exists to believe that Maxwell committed the state crimes of evading arrest,

---

[*] The state offenses for which Maxwell was charged could have been felonies; however, nothing in the record establishes that the conduct in which Maxwell engaged elevates them to felonies. *See* Tex. Penal Code §§ 38.03, 38.04, & 22.01.

**Memorandum Opinion and Order – Page 4**

resisting arrest, and making false statements. According to the magistrate judge's order following the hearing, she heard testimony and considered evidence of the arrest, "including audio of the 911 call to the DeSoto Police Department, video from the arresting officer's body camera, the police report from the incident, and testimony from the arresting police officer," as well as testimony from Rhodes, who was involved in the incident leading to his arrest. Doc. 73 at 3. Specifically, the evidence showed that police officers were called to Rhodes's apartment to respond to a call about a fight involving Maxwell. The caller twice said that a man "was beating the crap" out of a female. While at the door, the officers heard screaming; identified themselves as police officers; the occupants did not open the door; and the officers breached the door to the apartment and entered. After they made entry, Maxwell tried to evade detention by retreating to another room and refusing to comply with officers' commands to come out of the room. *Id.* After several minutes had passed and numerous commands were made by the officers instructing Maxwell to come out of the room, the officers entered the room to get him. When officers entered the room, Maxwell struggled and had to be wrestled to the floor and handcuffed, and he refused to provide information about his identity. *Id.* In his Motion for Reconsideration, Maxwell does not dispute the magistrate judge's findings of fact. The court concludes that the evidence presented at the hearing is sufficient to form probable cause that he committed these state offenses.

The court further determines that, in light of Maxwell's actions with respect to the state charges, he is "unlikely to abide by any condition or combination of conditions of release" pursuant to 18 U.S.C. § 3148(2)(B). With only two months remaining of pretrial release before his sentencing date, Maxwell—a former police officer—refused to cooperate with law enforcement after they were called to the scene of Rhodes's apartment in response to details of an alleged assault. As the magistrate judge noted, "[Maxwell] knew the consequences of committing a new offense while on release, but [he] still conducted himself in a manner that put police officers and

others in the community at grave risk of harm." Doc. 73 at 4. The court has made an independent review of the evidence and the magistrate judge's order. Given Maxwell's recent, defiant conduct on December 11, 2018, the court is convinced that he is unlikely to abide by any condition or combination of conditions of release. The court, therefore, agrees with the magistrate judge's determination and concludes that Maxwell should not be released pending his sentence.

## III. Conclusion

For the reasons stated herein, the court **denies** Defendant's Motion to Reconsider Magistrate's Order Granting Revocation of Conditions of Release. Maxwell shall remained confined pending his sentencing hearing.

**It is so ordered** this 15th day of February, 2019.

Sam A. Lindsay
United States District Judge